UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BENJAMIN SAVAGE ORNES,

    Plaintiff,

v.   Case No. 3:24-cv-1318-WWB-LLL

CAPTAIN CARVER, et al.,

    Defendants.
_____

## ORDER

Plaintiff Benjamin Savage Ornes, a pretrial detainee at Suwannee County Jail, is proceeding pro se on a Complaint for Violation of Civil Rights ("**Complaint**") against Captain Carver, Lieutenant Bradley Williams, Lieutenant Justin Walker, and Corporal Christopher Marx, all of whom are sued in their official capacities. (Doc. 1). Plaintiff alleges that "from October until now," Defendants have enforced an unconstitutional policy pursuant to which "[t]he barber-trustee can only give bald haircuts" in violation of Plaintiff's Fourteenth Amendment rights. (*Id.* at 3–5). Plaintiff asks the Court "to change the haircut policy and return the [clipper] guards." (*Id.* at 5).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); see

*also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Plaintiff's Complaint is subject to dismissal under the PLRA because it fails to "state a claim to relief that is plausible on its face" against any Defendant sued in his official capacity. *Iqbal*, 556 U.S. at 678. "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against the entity to which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (internal quotations and citations omitted). Therefore, a suit against Defendants in their official capacities is equivalent to suing the Suwannee County Jail or Sheriff's Office. However, neither a jail facility nor a sheriff's office is a legal entity subject to suit under § 1983. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013)[1] ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."); *Monroe v. Charlotte Cnty. Jail*, No. 2:15-cv-729-

---

[1] The Court does not rely on unpublished opinions as binding precedent. However, they "may be cited as persuasive authority." *McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022) (citation omitted).

FtM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015)[2] ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983.  The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office.").  Therefore, the official-capacity claims against Defendants must be dismissed.[3]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 7, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JAX-11 4/4
c:
Benjamin Savage Ornes, #22003203

---

[2] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority.  *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[3] If Plaintiff decides to refile his claims, at a minimum, he should explain why the subject policy is unconstitutional.